UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDIATRIC NURSING CERTIFICATION BOARD, <br><br>*Plaintiff,* <br><br>v. <br><br>GILLILAND ASSOCIATES, INC. d/b/a MELNIC CONSULTING GROUP, LINDY LEE MOAKE, and JILL LOUISE GILLILAND, <br><br>*Defendants.* | Civil Action No. 3:19-CV-01642-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Pediatric Nursing Certification Board's (PNCB) *Unopposed Motion for Leave to File Second Amended Complaint* [Doc. No. 43]. For the following reasons, the Court **GRANTS** the motion for leave and it **DISMISSES AS MOOT** defendant Jill Gilliland's motion to dismiss [Doc. No. 23] and PNCB's motion for leave to file a sur-reply to the motion to dismiss [Doc. No. 35]. Accordingly, the Court directs the Clerk of the Court to file PNCB's second amended complaint (attached as Exhibit A to Doc. No. 43) and to update plaintiff's name on the docket to Pediatric Nursing Certification Board, Inc.

I.

On March 3, 2020, PNCB moved for leave to file a second amended complaint to correct its name and entity status. In both its original complaint (filed on July 9, 2019) and its amended complaint (filed on July 30, 2019), PNCB stated that it was a

1

not-for-profit association. PNCB says it made that assertion in good faith but that it has learned after participating in discovery that it is in fact a non-for-profit corporation, not association. And so PNCB seeks to amend its complaint to make this change. Defendants Gilliland Associates, Inc. (Melnic) and Gilliland do not oppose the motion so long as the second amended complaint does not moot Gilliland's pending motion to dismiss.

II.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires" when a party seeks to amend its complaint.[1] "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[2] However, granting leave to amend is "by no means automatic."[3] In deciding whether to grant leave to amend, the Court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."[4] Even so, Rule 15(a) and the other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome."[5]

---

[1] FED. R. CIV. P. 15(a)(2).

[2] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

[3] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

[4] *Id.*

[5] *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957), overruled on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007)).

2

III.

The Court construes the motion for leave as opposed because Melnic and Gilliland oppose the motion for leave if the second amended complaint moots Gilliland's motion to dismiss. Considering the relevant factors, the Court concludes that leave to amend should be granted.

The factors support the granting of PNCB's motion for leave to amend. First, PNCB moved for leave to file a second amended complaint under Rule 15(a) before the Court set a deadline to do so, and so there is no undue delay. Second, this is the first time a party has identified PNCB's failure to identify its name and entity status correctly, and so there is no repeated failure to cure deficiencies by amendments previously allowed. Third, the defendants will not be unduly prejudiced because no other deadlines for this case have been set yet and Gilliland can simply refile her motion to dismiss. Fourth, PNCB claims to have sought leave to amend its complaint only after it learned in discovery its actual name and entity status, and so the Court finds no clear bad faith or dilatory motive present.

Melnic and Gilliland oppose the motion for leave if the second amended complaint moots Gilliland's motion to dismiss. The Court finds that this factor neither weighs in favor of denying the motion for leave nor weighs in favor of preserving the pending motion to dismiss as ripe for review if the second amended complaint is filed. If an amended complaint is filed, the Court does not consider a motion to dismiss filed months earlier to be responsive to the new operative complaint. And if the second amended complaint will not substantively change

Gilliland's position in her motion to dismiss, Gilliland can simply refile the motion to dismiss after PNCB's second amended complaint is docketed.  Additionally, the Court dismisses as moot PNCB's motion for leave to file a sur-reply to the pending motion to dismiss.  Instead, the Court instructs the parties to add any relevant arguments from their sur-reply briefing to Gilliland's renewed motion to dismiss and PNCB's response to that renewed motion to dismiss.

IV.

For these reasons, the Court **GRANTS** the motion for leave [Doc. No. 43] and it **DISMISSES AS MOOT** Gilliland's motion to dismiss [Doc. No. 23] and PNCB's motion for leave to file a sur-reply to the motion to dismiss [Doc. No. 35].  Accordingly, the Court directs the Clerk of the Court to file PNCB's second amended complaint (attached as Exhibit A to Doc. No. 43) and to update plaintiff's name on the docket to Pediatric Nursing Certification Board, Inc.

Gilliland's renewed motion to dismiss is due 14 days after PNCB's second amended complaint is docketed.[6]  PNCB's response to the renewed motion to dismiss will be due 21 days after Gilliland's motion to dismiss is filed.  And Gilliland's reply will be due 14 days after that.

---

[6] FED. R. CIV. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to response to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

**IT IS SO ORDERED** this 10th day of March 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE